IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00690-NYW-NRN

NINA H. KAZAZIAN,

Plaintiff,

v.

WILSON ELSER LLP, a New York Limited Liability Partnership,
JASON D. MELICHAR, Esq., a Colorado-Licensed Attorney, Registration Number 31114, and
DR. LAURA REIFFEL, PhD,

Defendants.

---

**RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING PURSUANT TO FED. R. CIV. P. 15(d) (ECF No. 79)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

On August 13, 2026, Plaintiff Nina H. Kazazian ("Plaintiff") filed a Motion for Leave to File a Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d) (the "Motion"). ECF No. 79. The Motion was referred to this Court by Judge Nina Y. Wang the same day. *See* ECF No. 80. In her Motion, Plaintiff seeks to supplement her complaint to add claims under the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721–2725, against Defendants and two new parties: a private investigator (Elaine Brofford), and a private investigation firm (Braddy Investigative Group, Inc.). Plaintiff alleges that the private investigator working for Defendants *in this case* improperly accessed state motor vehicle records while researching Plaintiff's domicile for purposes of raising a defense of lack of subject matter jurisdiction. The proposed supplemental complaint is

found at ECF No. 79-1. Defendants filed an opposition to the Motion. *See* ECF No. 100. Plaintiff filed a reply. *See* ECF No. 107. The Court has taken judicial notice of the case file and considered the applicable federal and state statutes and case law. As set forth below, the Court **RECOMMENDS** that the Motion, ECF No. 79, be **DENIED.**

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) provides the mechanism for supplemental pleading:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Fed. R. Civ. P. 15(d). Motions to supplement a complaint are addressed to the sound discretion of the trial court. *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 10th Cir. 2001). Such authorization should be "liberally granted unless good reason exists for denying leave," such as prejudice to defendants. *Id.* (internal quotation marks and citation omitted). Leave to file a supplemental pleading may also be denied on the grounds of futility. *See Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F.Supp.2d 1253, 1259 (D. Colo 2003) (denying leave to file supplemental complaint because doing so would be futile and allowing the claims would create unfair prejudice and jury confusion).

## II. ANALYSIS & RECOMMENDATION

For two reasons, it is recommended that Plaintiff's Motion be **DENIED**. First, the Court concludes that the proposed supplemental complaint is futile. As alleged in the supplemental complaint itself, the search of motor vehicle records "concerned Plaintiff's domicile and *was undertaken to obtain evidence for Defendants' defense in this civil*

*action*." ECF No. 79-1 ¶ 5 (emphasis added). This is a permissible purpose under the law. There is a specific statutory provision defining as "permissible" the use of motor vehicle records "in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court. . . ." 18 U.S.C. § 2721(b)(4). The Court is not making any factual finding that the motor vehicle records were obtained for this purpose; it does not need to. Plaintiff explicitly alleges a lawful intended use in her proposed supplemental complaint: that the search "was undertaken to obtain evidence for Defendants' defense." Moreover, that it was used in precisely that way is a fact the Court can take judicial notice of. The information that was gleaned from the search was included as part of Defendants' Motion to Dismiss filed in this case. *See* ECF No. 40. There is no plausible allegation that the information obtained by the search was used in any other way or for any other purpose.

So, while Plaintiff may be upset that Defendants obtained her motor vehicle information, because she concedes in her proposed supplemental complaint that the search was "undertaken to obtain evidence for Defendants' defense in this civil action," she has conceded that Defendants acted lawfully when they obtained and used the motor vehicle records. The supplemental complaint would therefore be subject to dismissal and allowing the filing of the document would be futile. *See Hedquist v. Walsh*, 786 F. App'x 130, 133 (10th Cir. 2019) (explaining that it is an element of a claim for violation of the DPPA that the individual obtaining personal information "acted with an impermissible purpose" and that element is not met "if the personal information was obtained for a permissible purpose"). The Court previously provided a more detailed explanation of its view that Plaintiff's DPPA claim is destined for failure in its

Recommendation on Plaintiff's Emergency Motion for Preliminary Injunction, issued September 1, 2026. *See* ECF No. 97. More need not be said on the subject.

Second, even if the proposed supplemental complaint were not futile, i.e., subject to dismissal for failure to state a claim, the addition of two new defendants and claims involving completely new and unrelated facts would create a level of complexity in this case that would not be in the interests of either efficiency or justice.

Plaintiff's original claims arise from her 2023 disbarment proceedings before Colorado's presiding disciplinary judge. What I have referred to as the "Law Firm Defendants" in this case, Wilson Elser LLP and attorney Jason D. Melichar, represented Plaintiff in that proceeding. Defendant Dr. Laura Reiffel had been retained by the Law Firm Defendants as an expert witness in that disciplinary proceeding. The events underlying the original allegations occurred more than three years ago and are entirely separate and distinct from the alleged conduct occurring just months ago by a private investigation firm hired to obtain jurisdictional evidence for use in defending against this suit.

Litigation of the new DPPA claims would necessarily involve discovery (or attempted discovery) into attorney-client communications and attorney work-product, including the legal strategies used to defend the instant case. The issues raised by the DPPA claims (futile or not) are completely unrelated to the underlying original claims of legal malpractice and breach of duty in the disciplinary proceedings. The DPPA claims are also unrelated to the Americans with Disabilities Act ("ADA") claims that Plaintiff added in her Amended Complaint, ECF No. 59, which also arise from the Law Firm Defendants' alleged conduct during the disbarment proceeding. Legal claims arising

from actions by an investigative team defending an underlying legal malpractice case do not belong in the same lawsuit as the legal malpractice case. Trying the two unrelated cases together would be confusing to the finder of fact and unduly prejudice Defendants, who now confront the possibility of being sued for actions taken in the defense of the underlying suit. It also may prevent them from continuing to use these investigators as the case proceeds, given that they would become parties and potential witnesses to the lawsuit.

Indeed, the general rule regarding supplemental pleadings under Rule 15(d) is that such pleadings are designed to amend or update previously filed claims based on events that have occurred after the filing of the action, thereby “bringing the case up to date.” *See* 6A *Wright & Miller’s Federal Practice and Procedure* § 1504 at 245 (4th ed. 2010) (“Wright & Miller”). For example, a supplemental complaint may set forth new facts in order to update an earlier pleading or change the amount or nature of the relief requested in the original pleading. *Id.* at 245–49. But “courts typically require some relationship between the original and later accruing material.” *Id.* at 253. “A number of federal courts have refused to grant leave to serve a supplemental pleading that contains a ‘new cause of action.’” *Id.* at 254 n.11; *see also Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (explaining that a supplemental pleading “cannot be used to introduce a ‘separate, distinct and new cause of action’”) (citation omitted). While this approach is not uniform, and there is some desirability in reducing multiplicity of litigation by permitting as many claims between parties as possible to be settled in one action, some courts have approached the proper scope of supplemental pleadings by inquiring “whether the entire controversy between the parties

can be settled in one action and the extent to which the additional claim involves the same or similar issues, subject matter, or facts." Wright & Miller § 1506 at 270. "This approach seems to be an appropriate exercise of discretion under Rule 15(d)." *Id.* at 270–71.

Using this approach, the Court concludes that the additional claims do not involve the same or similar issues, subject matter, or facts. Injecting the question of the propriety of private investigators' search of motor vehicle records, which occurred three years after the subject of the legal malpractice lawsuit (the disciplinary proceeding), would introduce unnecessary confusion, complexity, and unduly prejudice Defendants. In defending this case, Defendants should be entitled to focus on the propriety of their representation of and work for Plaintiff during the disciplinary proceedings that began in 2021 and concluded in 2023, not unrelated questions about litigation conduct by private investigators that occurred in 2026. *See Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008) (denying pro se plaintiff leave to file supplemental pleading which would have added seven new defendants and added a separate retaliation claim, explaining that amendment would unduly prejudice the defendants and the "court may deny a motion to supplement when the supplemental pleading could be the subject of a separate action.").

## III. RECOMMENDATION

For the reasons stated above, it is hereby **RECOMMENDED** that Plaintiff's Motion for Leave to File a Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d), ECF No. 79, be **DENIED.**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 16th Day of September 2026

N. Reid Neureiter
United States Magistrate Judge