IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00690-NYW-NRN

NINA H. KAZAZIAN,

Plaintiff,

v.

WILSON ELSER LLP, a New York Limited Liability Partnership,
JASON D. MELICHAR, Esq., a Colorado-Licensed Attorney, Registration Number 31114, and
DR. LAURA REIFFEL, PhD,

Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO RESTRICT AND FOR PROTECTIVE ORDER (ECF Nos. 45 & 88-1)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter comes before the Court on Plaintiff Nina H. Kazazian's ("Plaintiff") Emergency Motion to Restrict Public access, Require Redacted Filings, and Enter Protective Order Regarding Defendants' Use of Private, Personal and former-Client Information ("Motion"), filed on July 2, 2026. ECF No. 45.

**BACKGROUND**

Plaintiff's Motion was prompted by Defendants filing their first motion to dismiss challenging subject matter jurisdiction. ECF No. 40. In this matter, Plaintiff alleges that diversity jurisdiction exists because she has been domiciled in Wyoming since 2024. *See* ECF No. 1 at 3.

Defendants' first motion to dismiss questioned whether Plaintiff is actually domiciled in Wyoming. If Plaintiff is domiciled in Colorado instead of Wyoming, it would defeat any asserted federal diversity jurisdiction. Defendants' original motion to dismiss referenced and attached the results of significant investigative work, including motor vehicle records, showing that:

- Plaintiff has owned residential property in Vail, Colorado since 2007, either directly or through companies she controls;
- the utility service for the Vail property is in Plaintiff's name;
- a June 17, 2026 physical inspection of the Vail property showed that a vehicle registered to Plaintiff was in the space designed for the Plaintiff's property;
- Plaintiff either directly, or through companies she controls, owns property on South Logan Street in Denver, Colorado;
- database searches did not reveal any current Wyoming residency or real property for Plaintiff;
- Plaintiff owns a car that is registered at the Vail, Colorado location, the Colorado registration expired on March 31, 2026, and the vehicle has not been registered in Wyoming;
- while Plaintiff is a disbarred lawyer in Colorado, her address with the Colorado Supreme Court is listed as a business address at 34 N. Franklin St., PO Box 6871992, Pinedale, WY 82941, which is the address for Moosely Mailboxes—not a residential address;

- Plaintiff has an active real estate license in New York which lists the Vail, Colorado property as her address;
- the address listed in Plaintiff's complaint in this action is a commercial property for Wyoming Registered Agent, Inc., a commercial mail-receiving and registered agent business;
- an analysis of emails sent by Plaintiff to Defendants since 2024 shows that Internet Protocol ("IP") addresses of all email sending locations, except two, were from Colorado. No emails were sent from Wyoming;
- voting records showed Plaintiff voted in Eagle County, Colorado as recently as November 5, 2024, she renewed her voting registration there in October of 2025, and there is no Wyoming voter registration for Plaintiff or any history of her voting in Wyoming.

*See* ECF No. 40.

Defendants' motion was filed on the public record, as were the accompanying exhibits, which included the results of public motor vehicle searches. Defendants did redact Plaintiff's social security number from the publicly filed documents, consistent with Fed. R. Civ. P. 5.2(a)(1).

As a result of Defendants' filing, Plaintiff, on an emergency basis, moved to restrict the motion and the exhibits, asserting that motion contained "unnecessary private, personal, vehicle-identifying, resident-related, location-related, e-mail-header/IP, investigative or former-client information." ECF No. 45 at 1. Plaintiff's basis for the requested restriction was multifold. Plaintiff first asserted that Colorado's confidentiality rule relating to client information "specifically instructs lawyers making

adverse disclosures in judicial proceedings to limit access to the tribunal and others with a need to know, and to seek protective orders or other arrangements to the fullest extent practicable." *Id*. at 1–2 (citing Colo. RPC 1.6 cmt. [16]). The cited Rule of Professional Conduct specifically allows a lawyer to reveal information relating to the representation of a client where the information is being used to establish a "defense on behalf of the lawyer in a controversy between the client, to establish a defense to a . . . civil claim against the lawyer based upon conduct on which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client." Colo. RPC 1.6(b)(6).

Plaintiff also asserted that Defendants went well beyond what was necessary to decide the jurisdictional issue by exposing details of "Plaintiff's residence history, vehicle information, location-related assertions, email/IP analysis, private-investigative material, and decades of personal history." ECF No. 45 at 2. Plaintiff claimed the "injury" from such filing is "concrete and immediate" because once "personal information is placed on the public federal docket, it can be copied, indexed, searched, aggregated, republished, or misused. That harm cannot be fully repaired later." *Id.* Plaintiff asked that the Court temporarily restrict access, require redacted public versions, and "enter a protective order governing all Defendants' future use of such information." *Id.*

As a precautionary measure only, and subject to further briefing and analysis, the Court ordered the restriction of the motion and certain exhibits to the motion. *See* ECF No. 55 (Minute Order ordering restriction of ECF Nos. 40, 40-5, 40-6, 40-7, and 40-8). At a hearing held on August 27, 2026, the Court ordered that the restrictions be

maintained pending a submission of proposed redactions to the motion. *See* ECF No. 92 (Minute Entry for proceedings held on August 27, 2026).

Also before the Court is Plaintiff's Proposed Protective Order Defining Scope of Implied Waiver and Governing Confidential Information. ECF No. 88-1. Plaintiff asks that the Court issue a protective order defining the scope of the "implied waiver" of the attorney-client privilege and attorney confidentiality duties of her former attorneys. Without citation to authority, Plaintiff asserts that the Court should order:

> Any implied waiver arising from Plaintiff's malpractice claims is limited to attorney-client communications or other protected information that (a) bear [sic] directly on a claim or defense actually placed at issue in this action; (b) is reasonably necessary to permit fair adjudication of that claim or defense; and (c) is not established by the record in the disciplinary or disability proceedings.

*Id.* at 2. Plaintiff insists that "[r]elevance alone does not establish waiver." *Id.* Instead, in determining necessity, "the parties and the Court shall consider whether substantially equivalent proof is reasonably available from nonprivileged sources, including orders, transcripts, docket entries, disclosures, expert reports, hearing records, and other objective records of the underlying disability and disciplinary proceedings." *Id*. Per Plaintiff, the "filing of this action does not constitute a categorical waiver of all information relating to the representation, does not itself waive work-product protection, and does not determine discoverability, admissibility, or the propriety of unrestricted public filing." *Id.*

Plaintiff cites no authority for the proposition that the Court can or should order prospectively that a sued law firm abide by the Colorado Rules of Professional Conduct. Attorneys are sworn by their oaths to follow the law, including the Rules of Professional

Conduct. It is highly unusual for a court to proscriptively order an attorney "to follow the law."

Plaintiff also asks that the Court impose a "firewall" between Defendants Wilson Elser LLP and Jason D. Melichar (the "Attorney Defendants"), and Defendant Laura Reiffel and her counsel. The Attorney Defendants represented Plaintiff in the underlying disciplinary proceeding that resulted in Plaintiff's disbarment. Dr. Reiffel was an expert Ph.D. neuropsychologist who had been retained by counsel to prepare an expert report on Plaintiff's mental condition for consideration as mitigation in the disciplinary proceedings. Dr. Reiffel is being sued because the expert report allegedly was not delivered sufficiently in advance to allow Plaintiff to review and comment on the report and, as a result, Dr. Reiffel's testimony and report were not submitted in the disciplinary proceedings. ECF No. 59 ¶¶ 41–43, 128–131, and 189–191. Plaintiff asks in her proposed protective order that whatever implied waiver of the attorney client privilege may exist with respect to Wilson Elser LLP, it does not or should not apply to Dr. Reiffel, and therefore Dr. Reiffel, who is a co-defendant with Wilson Elser LLP, should be prohibited from seeing or using previously privileged information adverse to Plaintiff that Wilson Elser LLP is entitled to use because of the implied waiver.

At the Court's direction, Plaintiff filed her proposed redactions to Defendants' motion to dismiss. ECF No. 96-1. On September 3, 2026, the Attorney Defendants filed their response to the proposed redactions. ECF No. 98. On September 8, 2026, Plaintiff filed a reply. ECF No. 103.

In their response, the Attorney Defendants note that none of the information in their motion to dismiss is private information, and none of it came from their prior legal

representation of Plaintiff. The information was all obtained from publicly or commercially available sources. Information such as vehicle identification numbers or license plate numbers are not private. Neither are the addresses of Plaintiff's residences or businesses. Moreover, all the information contained in the motion to dismiss goes to an issue that is of central relevance to the Court: the question of subject matter jurisdiction and whether Plaintiff is truly domiciled in Wyoming as she claims. Defendants also emphasize the important public interest in access to court proceedings and the fact that court proceedings and documents filed with the Court should be publicly available absent some overriding reason.

Plaintiff in her reply suggests that the issue of restriction has already been decided and the only question left for the Court is the extent of the permissible redactions. This is incorrect. What is left to be decided is whether the complete motion should be publicly available on the docket, or, instead, whether some privacy interest outweighs the presumption of public access to court documents and therefore warrants limited redactions.

**ANALYSIS**

It is the stated policy of the District of Colorado that "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a). The local rules do provide for the restriction of documents or proceedings by court order if the party seeking restriction can identify "a clearly defined and serious injury that would result if access is not restricted," and can also show that the interest to be protected "outweighs the presumption of public access." D.C.COLO.LCiv 7.2(c)(3) and (c)(2). The party

seeking restriction must also explain why no alternative to restriction is practicable (such as redaction, summarization, or restricted access to exhibits or portions of exhibits). D.C.COLO.LCiv 7.2(c)(4).

Beyond the Court's stated policy, which presumes that documents filed in court proceedings are to be public, the Supreme Court has recognized the common law right to access judicial records and documents in civil cases, although the right is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "The few cases that have recognized such a right do agree that the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.

In addition, as emphasized by my colleague Judge John L. Kane, it is in keeping with the American ideals of government for court proceedings to be open to the public. The notion of significantly restricting or sealing a civil case is repugnant to that principle. As Judge Kane has rightly stated:

> We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

*M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (internal citation omitted), *aff'd*, 139 F.3d 798 (10th Cir. 1998). The strong interest of the public in having access to court proceedings must be weighed against any claimed privacy interest of a litigant in sealing the proceedings. *See Doe v. Regents of Univ. of Colo.*, 603 F.Supp.3d 1014, 1019 (D. Colo. 2022).

Also, it cannot be disputed that the allegations underlying this dispute, and the associated allegations regarding domicile, are important to the decision-making in this case. The issues are of public concern and involve the public interest. First, Plaintiff has filed a lawsuit against her disciplinary proceeding attorneys, claiming legal malpractice and breaches of fiduciary duty. She also has leveled charges, essentially of professional negligence, against the neuropsychologist retained to provide an expert report. These are serious public allegations that can have grave reputational impacts. Defendants are entitled to defend themselves against such charges. Among their defenses is that Plaintiff, through fraudulent representations, has manufactured federal jurisdiction where it otherwise would not exist. She has done this to avoid Colorado state court, where, because of prior abusive litigation conduct, Plaintiff has been prohibited from filing suit without being represented by counsel. To date, there is no such prohibition on Plaintiff in federal court. Defendants claim that Plaintiff, in alleging Wyoming domicile, is attempting to fraudulently gain access to the federal judicial system to which she would otherwise not be entitled by dissembling about where she is domiciled. These too are serious charges and there is a public interest in understanding both the allegations and how the Court resolves those allegations.

The Court now turns to the fundamental questions posed by the Local Rule: whether, in connection with the document that Plaintiff seeks to restrict via redaction, she has identified, “a clearly defined and serious injury that would result if access is not restricted,” and whether that claimed interest “outweighs the presumption of public access.” D.C.COLO.LCiv 7.2(c)(3) and (c)(2). The answer to both questions is “no.” First, the information in question—her current or former addresses, vehicle type, license

plate and VIN numbers—is, as Defendants point out, all publicly available. Plaintiff has presented no evidence or argument to dispute that. If the information is publicly available, then there is no additional injury that can befall Plaintiff from its reproduction in a court pleading.

Second, Plaintiff has not identified any "clearly defined and serious injury" that would result to her if access were not restricted. Other than a general concern that her personal information will be available in court documents, Plaintiff does not identify any particular harm that may befall her from the disclosure of this information. She does not claim to be the target of any threats or violence, for example. *See M.M. v. Zavaras*, 139 F.3d at 803 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), for the proposition that a party should be permitted to proceed anonymously only in in those "exceptional cases involving matters of a highly sensitive and personal nature, [or] real danger of physical harm . . . .").

The only description of the supposed injury is found in her original motion to restrict: "The injury is concrete and immediate. Once personal information is placed on the public federal docket, it can be copied, indexed, searched, aggregated, republished, or misused. That harm cannot be fully repaired later." ECF No. 45 at 2. These are wholly conclusory assertions and do not establish harm.

In Plaintiff's original motion to restrict, there is a suggestion that some of the personal information may have come from the Attorney Defendants' prior representation of Plaintiff. *See* ECF No. 45 at 1–2 (referencing Colorado's confidentiality rule which instructs lawyers making adverse disclosures to limit access to the tribunal and others with a "need to know"). But, based the investigator's affidavit attached to the motion to

dismiss describing her investigation methods, *see* ECF No. 40-5, representations of counsel, and my review of the disputed information, it does not appear that any of the information contained in the motion to dismiss was based on facts learned during the Attorney Defendants' representation of Plaintiff years ago. Plaintiff makes no showing to the contrary. Without there having been any disclosure of attorney-client privileged or otherwise confidential information, Plaintiff has not shown any injury, much less a "clearly defined and serious injury."

Third, Plaintiff has not made the necessary showing that her claimed privacy interest outweighs the presumption of public access in this instance. This is a dispute where serious allegations are being raised against a law firm and a neuropsychologist expert. On the other side, Defendants make serious allegations that Plaintiff is attempting to defraud the Court through false representations about where she lives and how long she has lived there. These are not allegations that can be assessed or decided in a vacuum and certainly should not be decided behind closed doors. However the Court decides these questions, the process of evaluating these competing allegations should be conducted in the bright cleansing light of public scrutiny. Redacting substantial portions of the motion to dismiss does a disservice to the strong public interest in being able to properly assess allegations made in a federal court lawsuit and in evaluating the judicial process.

This is not to suggest that there is not some emotional toll that may result from having personal information disclosed in public court documents. The case of *M.M. v. Zavaras*, cited above, makes the point with clarity. In *Zavaras*, a prison inmate sued the Colorado Department of Corrections ("CDOC") seeking to require the CDOC to pay for

an abortion. The plaintiff there sought leave to proceed by pseudonym. Otherwise, her name, her pregnancy, and her desire for an abortion would be publicly disclosed in court documents. These are undeniably personal facts that the plaintiff understandably would have preferred to keep out of the public eye. But she had filed a lawsuit seeking court action. The motion was denied by Judge Kane at the trial level, and the Tenth Circuit affirmed on appeal. Judge Kane found that "whatever interest in privacy is claimed on behalf of the plaintiff, the countervailing public interests clearly and decisively outweigh it." 93 F. Supp. at 802. The same can be said in this case. Plaintiff's privacy interest is not compelling and the public interests in open courts decisively outweigh it.

Plaintiff also makes the argument that because the Court has already agreed to restrict access to the numerous exhibits submitted in connection with the motion to dismiss, it would be counter-productive to allow an unredacted version of the motion itself on the public docket. Per Plaintiff, allowing an unredacted version of the motion would allow the public to learn the information contained in the restricted exhibits. *See* ECF No. 103 at 6–7 ("A member of the public may be unable to open a restricted investigative affidavit while remaining able to obtain the same restricted information from Defendants' unrestricted narrative quoting, summarizing, or describing that affidavit."). But this misses the point. What is important for the public is the Court's decision-making process. The motion to dismiss itself and the information cited therein are what matter to the decision-making process. The Court is less concerned about the public's access to the exhibits because, presumably, what was important in the exhibits and necessary for the Court's decision-making was cited in the motion itself. In addition,

Defendants did not object to the restriction of the exhibits themselves. So, the Court will maintain the exhibits under restriction and unrestrict the motion to dismiss.[1]

The Court will note again that it is Plaintiff who elected to file this lawsuit. Lawsuits are public. Allegations found in publicly filed lawsuits are generally immune from claims of defamation. But, in exchange for being able to launch public allegations of malpractice or breach of duty against Defendants without threat of a defamation claim in response, Plaintiff necessarily must accept that there will likely be public counter-allegations in return that may reveal her personal information. She will have to accept this as part of the cost of bringing a lawsuit.

Bottom line, the Court finds that Plaintiff has not met her burden of showing that the motion to dismiss itself should be maintained under restriction, or that only a redacted version should be filed on the public docket. Therefore, the Court will order that Defendant's motion to dismiss, ECF No. 40, be unrestricted. The Court will stay this Order pending the resolution of any objection that Plaintiff might file with Judge Nina Y. Wang.

As for the other relief sought by Plaintiff, such relief is denied. The Court will not proscriptively order limits on Defendants' use of former client information. The Court will not issue any advisory opinion on the scope of the implied waiver of the attorney-client privilege. Plaintiff has made no showing the Defendants have misused former client information or that there is any risk of such misuse in the future. The Court also will not

[1] If Plaintiff is worried about the arguable inconsistency of this result, the Court would be more prepared to unrestrict all the exhibits than to redact any portion of the motion to dismiss. Redacting the motion to dismiss just because the Court had previously restricted the exhibits (which was done without any objection by the Defendants), would not be in the public interest.

place any limits on what information Defendant Dr. Rieffel may have access to or may use in her defense of this case. There has been no showing of any violation of the Colorado Rules of Professional Conduct here and no basis for imposing any order limiting Defendants in their defense of this case.

## CONCLUSION

For the foregoing reasons, Plaintiff Nina H. Kazazian's Emergency Motion to Restrict Public access, Require Redacted Filings, and Enter Protective Order Regarding Defendants' Use of Private, Personal and former-Client Information, ECF No. 45, and Plaintiff's Proposed Protective Order Defining Scope of Implied Waiver and Governing Confidential Information, ECF No. 88-1, are **GRANTED in limited part and DENIED in substantial part** as follows.

Plaintiff's proposed redaction, *see* ECF No. 88-1, of Defendants' motion to dismiss, is rejected.

Defendants' motion to Dismiss, ECF No. 40, shall be unrestricted and fully available for public viewing. The accompanying exhibits will remain restricted.

This Order to unrestrict ECF No. 40 shall be STAYED pending resolution of any forthcoming objection.

No other relief will be granted.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a, the parties have fourteen (14) days after service of this order to serve and file specific written objections to the above order with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives review of the order by the District Judge and also waives appellate review of both factual and legal questions. The District Judge's review of this order is generally limited to circumstances where it can be shown that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636 (b)(1)(A).**

Dated at Denver, Colorado this 23rd Day of September 2026

N. Reid Neureiter

N. Reid Neureiter
United States Magistrate Judge