IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00690-NYW-NRN

Nina H. Kazazian,

Plaintiff,

v.

Wilson Elser Moskowitz Edelman & Dicker LLP (A New York Limited Liability Partnership),
Jason D. Melichar, Esq. (Colorado Attorney Registration Number 31114),
Dr. Laura Reiffel, PhD,

Defendant(s).

---

PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF PENDING RULE 72 OBJECTIONS

---

Plaintiff Nina H. Kazazian respectfully moves for a temporary stay of proceedings until sixty days after the District Court resolves the presently pending objections under Fed. R. Civ. P. 72. Plaintiff further requests that, pending determination of this Motion, the Court temporarily defer Plaintiff's deadlines to respond to Defendants' motions to dismiss.

## CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1

On September 25, 2026, Plaintiff requested a telephone or video conferral with counsel concerning a stay pending the District Court's resolution of the Rule 72 objections and for approximately sixty days thereafter. Plaintiff explained that she believed a stay would promote judicial economy and fairness and permit her a reasonable opportunity to obtain counsel.

On September 28, 2026, counsel for Defendants Wilson Elser and Melichar advised that those Defendants oppose "a stay of any length," stating that they desire to conclude the litigation and avoid the continued expenditure of "resources and time." Counsel for Defendant Reiffel likewise advised that Defendant Reiffel opposes a stay. Accordingly, the Motion is opposed.

## I. BACKGROUND

Plaintiff has a cognitive impairment due to post-concussive syndrome. The Attorney Defendants represented Plaintiff in the disability and disciplinary proceedings in Colorado. They hired Defendant Rieffel to prepare an expert report to establish the connection between Plaintiff's disability and the disciplinary charges brought against her. Defendants failed to timely produce or disclose the expert report by the deadline. The Attorney Defendants refused to request an extension of time to meet the deadline. Consequently, the PDJ precluded her from presenting evidence about her cognitive impairment in the disability or the disciplinary case.

In December 2022, the Presiding Disciplinary Judge for the Colorado Supreme Court held a contested evidentiary hearing on a Petition filed by the OARC to involuntarily transfer Plaintiff to disability inactive status. On December 12, 2022, the PDJ made his findings from the bench and determined that Plaintiff would be transferred to disability inactive status. The Attorney Defendants also failed to argue or present evidence to counter the OARC's assertion that Plaintiff acted intentionally, and thereby failed to present a defense to the presumptive discipline of disbarment. As a result of Defendants' acts and omissions, Plaintiff was disbarred following a contested

evidentiary hearing that started three weeks after the PDJ transferred Plaintiff to disability inactive status on the same set of facts. Plaintiff's disability discrimination, malpractice, and other claims against the Defendants are pending in this action.

This case is presently at an unusual procedural juncture. The Court recently denied Plaintiff's request for court-appointed counsel, and due to the procedural posture of the case, Plaintiff is having difficulty finding counsel to represent her. The case has become increasingly complex, and overlapping proceedings have confused the case. Due to Plaintiff's disability, which the Colorado Supreme Court determined rendered Plaintiff unable to practice law, Plaintiff is unable to keep up. A short stay is requested to clarify the procedural posture of the case and to accommodate Plaintiff's disability.

Defendants filed dispositive motions directed to Plaintiff's Complaint. [ECF Nos. 40, 41] These Motions and the Plaintiff's Motions contesting admissibility of the alleged facts were denied as moot. See Plaintiff's Motions to Strike and Exclude. [ECF 49 and 51]; and Minute Order dated July 22, 2026 [ECF 61]. Defendants then filed Motions to Dismiss the Amended Complaint, which "incorporated by reference" the first Motions to Dismiss even though those motions were denied, and without deciding whether the supporting allegations are admissible. *See Motions*, [ECF 87 and 90]. Thus, the factual jurisdictional dispute now incorporated into the operative motions was not adjudicated when originally presented.

Since the original Motions to Dismiss were filed, the Magistrate Judge has issued several rulings that address or appear to resolve contested facts relevant to the jurisdictional issues in the motions to dismiss. See ECF 65, 97, 113, and 115. Plaintiff

has filed two Objections, which are before the District Court pursuant to Rule 72. See Rule 72 Objections, [ECF 74 and 109.].

Most recently, the Magistrate Judge issued a Report and Recommendation on September 16 pertaining to the Motion for Leave to file a supplemental complaint [ECF 113] and an order on September 23, 2026 pertaining to the Motion to Dismiss [ECF 40], which the Court already denied as moot. [ECF 61]. These Orders again include statements that appear to resolve or characterize contested facts relevant to the scheduled evidentiary hearing and the pending motions to dismiss, and impact plaintiff's confidential information [ECF 113 and 115]. The Order itself calls the information "disputed information" while simultaneously making findings about it. The Court says its conclusion is based on the investigator's affidavit, counsel's representations, and "my review of the disputed information.**")** ECF 115 at 10-11. Consequently, Plaintiff intends to file timely Rule 72 Objections to ECF 113 and 115 as well. This action should be stayed pending adetermination of these four Rule 72 Objections.

The Court's determination of Plaintiff's objections concerning the Magistrate Judge's embedded determinations of disputed facts is necessary to avoid duplicative proceedings and to maintain the orderly sequencing of this case. The Rule 72 Objections presently before the Court are not independent proceedings addressing unrelated subjects. They overlap substantially in both facts and evidence with the pending motions to dismiss.

For example, Plaintiff's responses to the motions to dismiss is currently due October 2, 2026. On September 18, 2026, the Magistrate Judge scheduled an evidentiary hearing for November 5, 2026, concerning the jurisdictional issues raised by

the operative motions to dismiss. Plaintiff has pre-existing important, sensitive matters scheduled for November 5 and 6. An evidentiary hearing is precisely the type of proceeding Plaintiff's documented functional limitations materially impair her ability to handle without counsel.

That circumstance materially increases the need for a stay. The question is no longer simply whether a pending Rule 72 objection might have some collateral effect upon later proceedings. **The same disputed jurisdictional facts and some of the same evidence are simultaneously implicated in (1) the operative motions to dismiss; (2) the November 5 evidentiary hearing; and (3) rulings that are presently subject to, or will be subject to, Rule 72 review by the District Court.**

The September 23, 2026 Order [ECF No. 115] further demonstrates the overlap and creates an additional Rule 72 issue directly bearing on the evidentiary proceedings. That Order addressed the public availability of ECF No. 40 and the materials associated with it and directed that the filing be unrestricted, while expressly staying that direction pending Plaintiff's opportunity to seek Rule 72 review. Thus, the September 23 Order itself contemplates further District Court review before the ordered relief becomes effective.

The resulting procedural problem is concrete. If proceedings continue simultaneously, Plaintiff may be required to brief the operative motions to dismiss and prepare for an evidentiary hearing based upon disputed jurisdictional evidence while the District Judge is simultaneously being asked to determine whether the Magistrate Judge properly treated or characterized that same evidence in the September 23 Order.

These tasks are outside of Plaintiff's abilities, and without counsel, plaintiff cannot receive a full and fair hearing.

A stay would allow the Rule 72 issues to be resolved **in sequence rather than simultaneously.** It would also allow Plaintiff to attend a re-scheduled hearing, with an opportunity to find willing counsel who can be adequately prepared. A temporary stay avoids these risks and the risk of duplicative proceedings at no cost to the Defendants or the Court.

## II. ARGUMENT

### A. THE COURT HAS BROAD DISCRETION TO TEMPORARILY STAY PROCEEDINGS TO CONTROL ITS DOCKET AND CONSERVE JUDICIAL RESOURCES.

A federal district court possesses inherent authority to manage its docket and stay proceedings when appropriate to achieve the economical resolution of cases. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). In this District, courts generally consider five factors: (a) the plaintiff's interest in proceeding expeditiously and the potential prejudice from delay; (b)the burden on defendants; (c) convenience to the Court; (d) the interests of nonparties; and (e) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC (D. Colo. Mar. 30, 2006). District of Colorado decisions continue to apply those factors.

The requested stay does not seek to postpone the resolution of subject-matter jurisdiction. It seeks an orderly sequence for resolving overlapping matters so that the

jurisdictional determination proceeds only after the District Court has completed the Rule 72 review that may define the factual and evidentiary framework for that determination. A court's inherent stay authority encompasses consideration of "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that would result from granting or denying a stay. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). Here, proceeding simultaneously risks doing the opposite: requiring Plaintiff to brief disputed jurisdictional facts and prepare for an evidentiary hearing while the District Judge is reviewing rulings concerning the treatment of overlapping facts and evidence. The relevant efficiency therefore lies not in delaying the jurisdictional inquiry, but in **sequencing it so that the parties and the Magistrate Judge know what factual and evidentiary framework governs before the evidentiary adjudication occurs.**

Here, the balance strongly favors a short and defined stay.

## B. PLAINTIFF'S INTEREST IN EXPEDITIOUS RESOLUTION AND DUE PROCESS FAVORS THE REQUESTED STAY.

Ordinarily, the first *String Cheese* factor protects a plaintiff's interest in moving her own lawsuit forward. Here, however, Plaintiff herself seeks the temporary stay. Plaintiff, therefore, does not claim prejudice from the limited delay. To the contrary, Plaintiff believes that proceeding immediately will impede rather than advance the efficient resolution of her claims because the parties will be litigating substantial matters while issues affecting the course of the case remain before the District Court. Plaintiff will be prejudiced if the case is not stayed pending resolution of the Rule 72 Objections,

not only procedurally but also because she has a documented adjudicated disability and a stay will provide some reasonable accommodation to Plaintiff in light of her disability.

There is an additional concern beyond efficiency. Federal adjudication ordinarily proceeds through the adversarial presentation of facts and issues. *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020), reiterates the "principle of party presentation": the parties frame the issues and courts serve as neutral arbiters of the matters presented. That principle is particularly important where disputed historical facts, rather than purely legal questions, are involved. Plaintiff's pending Rule 72 objections already contend that an earlier Recommendation supplied an historical explanation for disputed evidence that no witness had provided and resolved a factual inference before ordinary evidentiary development occurred. See 105 Rule 72 objections [ECF 105]. Reasonable accommodation of Plaintiff's disability is also necessary to ensure due process. The present concern is therefore concrete rather than hypothetical.

This is not an open-ended request. Plaintiff proposes a readily identifiable endpoint: resolution of the presently pending Rule 72 matters, followed by sixty days to permit counsel time to prepare. The additional sixty-day period serves a concrete purpose. Plaintiff is actively attempting to obtain counsel. Plaintiff does not seek to suspend the litigation indefinitely while undertaking an unlimited search for representation; she seeks a defined period following resolution of the pending threshold matters in which to obtain counsel and permit counsel, if retained, to become familiar with a procedurally complex case before further substantive proceedings occur.

Because Plaintiff affirmatively seeks the stay and the requested period is limited and tied to identifiable events, the first factor weighs in favor of a stay.

## C. A STAY WOULD CONSERVE DEFENDANTS' RESOURCES RATHER THAN BURDEN THEM.

The second factor is particularly significant here because Defendants themselves identify the continued expenditure of resources as a concern. In opposing Plaintiff's request during conferral, Wilson Elser's counsel stated that Defendants seek to avoid the continued "drain on everyone's resources and time." Plaintiff agrees that conserving the parties' resources is important. The parties disagree only about which course best accomplishes that objective. A temporary stay does. Heavy litigation of complex issues with the real risk that everything might need to be repeated does not serve Defendants' objectives.

Without a stay, the immediate course of litigation includes substantial briefing on dispositive motions while Rule 72 matters remain unresolved, together with preparation for further proceedings, including the presently scheduled evidentiary hearing. Each requires substantial attorney time and expense. Plaintiff must expend comparable resources proceeding pro se.

Some or all of that work may be affected by the District Court's disposition of the pending matters, and may need to be redone.

The District of Colorado has repeatedly recognized precisely this concern. In *Henn v. Fidelity National Title Insurance Co.*, No. 12-cv-03077-RM-KLM, ECF No. 131, at 10–11 (D. Colo. Oct. 1, 2014), the Court found that forcing a party to expend resources litigating issues that overlapped with matters awaiting resolution elsewhere

would be wasteful, and held that the burden-on-defendant factor favored maintaining a stay.

The same practical principle applies here even though the procedural mechanism differs. The question is not whether Defendants are capable of continuing to litigate. Obviously, they are. The question is whether there is a reason to require them to incur that expense now, before the District Court resolves issues already submitted to it that may affect subsequent proceedings.

By contrast, a temporary pause imposes no burden. Defendants need not prepare additional substantive filings during the stay; counsel need not prepare for proceedings whose scope or necessity may be affected by the District Court's rulings; and Defendants incur no litigation expense associated with those activities during the stay. Avoiding expending resources is a reason to grant the stay, not a reason to deny it. Accordingly, Defendants' legitimate interest in controlling litigation expense supports rather than undermines the requested stay.

### D. JUDICIAL ECONOMY STRONGLY FAVORS RESOLVING THE PENDING RULE 72 MATTERS BEFORE DEVOTING ADDITIONAL JUDICIAL RESOURCES TO THE NEXT PHASE OF THE CASE.

The third factor—the convenience of the Court and conservation of judicial resources—provides the strongest reason for a temporary stay. The District Court already has matters before it that concern the procedural course of this litigation. Proceeding simultaneously on multiple tracks creates the possibility that the Magistrate Judge and District Court will be required to address motions, briefing, evidentiary

issues, or case-management questions that are altered and must be redone, or rendered unnecessary by subsequent rulings on matters already under review.

That is precisely the sort of duplication a stay can prevent. The District of Colorado authority repeatedly recognizes that judicial economy favors sequencing litigation so that potentially consequential preliminary matters are resolved before the Court invests resources in proceedings that may prove unnecessary. In *FDIC v. Countrywide Financial Corp*., No. 11-cv-02268-WJM-KLM, ECF No. 36, at 4–5 (D. Colo. Sept. 19, 2011)., for example, the Court found that judicial resources would best be conserved by staying proceedings until a threshold transfer issue was resolved. The Court further recognized that the public interest in efficient and just resolution is served by avoiding wasteful efforts by the Court.

That reasoning applies with particular force here because this case has already demonstrated the cost of proceeding on overlapping procedural tracks. The first motions to dismiss generated additional motions and briefing that the District Court ultimately denied as moot when the operative pleading changed. [ECF No. 61.] Subsequent rulings have nevertheless addressed evidence and issues originally presented in connection with those motions, including the restriction applicable to ECF No. 40 and its exhibits. Plaintiff intends to seek Rule 72 review concerning the effect of those rulings. The point is not to prejudge those objections, but that completing District Court review before conducting the jurisdictional evidentiary hearing would clarify which rulings and evidentiary determinations govern that proceeding. Plaintiff does not suggest that the same result necessarily will occur again. The point is narrower: the procedural history demonstrates why orderly sequencing matters and is a cornerstone of our legal system.

The Court's valuable resources are not efficiently deployed by requiring the parties to brief substantial dispositive motions and prepare for evidentiary hearings; requiring non-party witnesses to come to court to testify; requiring the court to judicially review and make determinations of law and fact; while matters capable of affecting the framework for those proceedings remain under District Court review.

A short stay permits the Court to resolve the matters already before it first. The parties and Court can then proceed on a clarified record, knowing what issues remain, what proceedings are necessary, and what procedural framework governs them.

That is not delay for its own sake. It is sequencing designed to reduce litigation.

### E. THE INTERESTS OF NONPARTIES AND THE PUBLIC INTEREST WEIGH IN FAVOR OF A STAY.

Plaintiff is unaware of any nonparty whose interests would be materially prejudiced by the requested temporary stay. To the contrary—the witnesses for the intended evidentiary hearing may be unnecessarily prejudiced and inconvenienced by having to participate in a hearing while the scope of the hearing is under review by the District Court. The fourth factor therefore also weighs in favor of a stay.

The fifth factor favors a stay. The public unquestionably has an interest in the prompt resolution of litigation. It has an equally important interest, however, in the efficient administration of justice and prudent use of finite judicial resources, and especially in the orderly progression of cases and reinforcement of the reliability of orders entered by the court. The District of Colorado has recognized that avoiding wasteful judicial effort serves the public's interest in the efficient and just resolution of litigation. *FDIC v. Countrywide*.

A limited stay that allows already-pending matters to be decided before another substantial round of litigation begins advances that interest.

### F. A LIMITED STAY IS PARTICULARLY APPROPRIATE BECAUSE IT SERVES BOTH SIDES' STATED INTERESTS.

Despite Defendants' stated positions during conferral, the practical effect of granting this Motion serves their concerns.  Defendants state that they want to avoid continuing expenditure of time and resources. Plaintiff seeks precisely a mechanism for preventing potentially unnecessary expenditure of those resources while matters already submitted to the District Court remain undecided.

Plaintiff, meanwhile, seeks a reasonable pause to provide her a meaningful opportunity to obtain counsel rather than continuing to litigate a procedurally and substantively complex federal action without representation.  In this way, the requested stay is a form of reasonable accommodation the court can make in consideration of Plaintiff's adjudicated disability.

A defined stay accommodates both concerns.  It simply establishes an orderly sequence: First, resolve matters already before the District Court; Second, permit a limited but meaningful pause to aid Plaintiff in secure counsel; and Third, proceed with the remaining litigation on a clarified procedural record.

That sequence minimizes duplication and maximizes the likelihood that the resources expended by the Court and all parties will be directed toward matters that actually require resolution.

### G. AN ADDITIONAL EXTENSION OF TIME FOR PLAINTIFF'S RESPONSE DEADLINES AND VACATE THE EVIDENTIARY HEARING WHILE THIS MOTION IS DECIDED ARE APPROPRIATE.

Finally, Plaintiff requests limited interim relief necessary to preserve the utility of the requested stay. Plaintiff's responses to Defendants' pending motions to dismiss are presently due October 2, 2026. If Plaintiff must complete that briefing before the Court has an opportunity to determine whether the litigation should be stayed, a substantial portion of the resource-conservation benefit underlying this Motion will already have been lost, while the procedural confusion on what facts have already been decided remains.

Similarly, the evidentiary hearing set for November 5, 2026 should be vacated until the District Court decides the Rule 72 Objections to determine what has already been decided by the Magistrate Judge on the jurisdictional facts and to maintain the scope of the District Court's de novo review of the DPPA issues so these are not conflated. More importantly, Plaintiff cannot reasonably attend the hearing due to a significant private pre-existing matter. Plaintiff's documented functional limitations materially impair her ability to conduct a contested evidentiary hearing without counsel, making additional time to secure representation particularly important.

Plaintiff therefore requests that the Court temporarily defer the deadlines for Plaintiff's responses to the pending motions to dismiss until this Motion is decided, and vacate the November 5 hearing. In addition, Plaintiff is unavailable on November 5 and 6 due to pre-existing personal private matter. If the court desires more information about this matter, Plaintiff will provide it under seal to the court. This request does not

presume that filing a motion to stay itself suspends existing deadlines. Plaintiff expressly recognizes that it does not. Rather, Plaintiff affirmatively requests an order providing that limited interim relief.

If the Court denies the stay, Plaintiff respectfully requests that her responses to the pending motions to dismiss be due twenty-one days after entry of the order denying the stay, or on such other date as the Court considers appropriate.

If the Court grants the stay, the briefing schedule can be reset when the stay expires.

This modest interim relief prevents the stay request from becoming effectively moot through the expenditure of precisely the resources the Motion seeks to conserve.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

Stay further proceedings in this action until sixty days after the District Court resolves the Rule 72 objections currently before the court and on the Order just issued by the Magistrate Judge [ECF 115];

Vacate or defer deadlines and proceedings falling within the stay period, including the presently scheduled evidentiary hearing, subject to resetting following expiration of the stay;

Pending determination of this Motion, temporarily defer Plaintiff's deadlines to respond to Defendants' pending motions to dismiss;

If the Court denies this Motion, permit Plaintiff twenty-one days from entry of the order denying the stay to respond to the pending motions to dismiss; and

Grant such further relief in Plaintiff's favor as the Court considers just and appropriate.

Dated: Tuesday, September 29, 2026

Respectfully submitted,

s/ Nina H Kazazian
*Nina Kazazian*
1621 Central Ave #8897;
Cheyenne, WY 82001
Telephone: (303) 888-1100
E-mail: nina@kazazian.com
*Pro Se*

CERTIFICATE OF SERVICE

Undersigned certifies that on Tuesday, September 29, 2026, the foregoing Notice was filed with the court via the ECF system, which automatically notifies all the parties.

/s/ Nina H. Kazazian

CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE

The undersigned pro se Plaintiff certifies that generative artificial intelligence—specifically, ChatGPT—was used to draft this filing. All cited authorities were manually reviewed by Plaintiff to the extent possible using publicly available resources on the internet. Plaintiff does not have access to Westlaw, Lexis, or any similar legal research database.

/s/ Nina H. Kazazian