**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-00690-NYW-NRN

Nina H. Kazazian,

Plaintiff,

v.

Wilson Elser Moskowitz Edelman and Dicker LLP (A New York Limited Liability Partnership),
Jason D. Melichar, Esq. (Colorado Attorney Registration Number 31114),
Dr. Laura Reiffel, PhD,

Defendant(s).

---

PLAINTIFF'S RULE 72(b) OBJECTIONS TO RECOMMENDATION DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING [ECF NO. 113]

---

Plaintiff Nina H. Kazazian, proceeding pro se under protest, respectfully submits these specific objections under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) to the September 16, 2026 Recommendation denying Plaintiff's Motion for Leave to File Supplemental Pleading, ECF No. 113 ("Recommendation").

The Recommendation rests on two independent grounds. Both warrant de novo review and rejection.

First, the Recommendation holds the proposed Driver's Privacy Protection Act ("DPPA") claims futile because one sentence in paragraph 5 of the proposed pleading supposedly "concedes" that Defendants obtained Plaintiff's motor-vehicle information for a permissible litigation purpose. ECF No. 113 at 3. But the proposed pleading expressly alleges the opposite. It alleges that the database report identified "Motor Vehicle Safety or Theft" as the asserted DPPA

permissible purpose; that the investigation involved neither; that the recorded purpose did not accurately describe the purpose for which the information was obtained; and that the information was knowingly obtained for a purpose not permitted by the DPPA. ECF No. 79-1 ¶¶ 5, 101–112. Those allegations must be accepted as true at the pleading stage. They cannot be displaced by construing one sentence against Plaintiff and resolving the central factual issue—purpose—in Defendants' favor.

Second, the Recommendation concludes that supplementation would create undue complexity and prejudice because the DPPA claims concern "completely new and unrelated facts." ECF No. 113 at 4. But the Recommendation itself describes those events as conduct by investigators retained to obtain jurisdictional evidence "for use in defending against this suit." Id. The claims exist only because of this litigation. They involve the existing Defendants, their agents, evidence obtained for this action, and evidence actually filed in this action. Rule 15(d) exists to permit a court to address post-filing events connected to an existing controversy. The Tenth Circuit directs that supplementation "should be liberally granted unless good reason exists for denying leave." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

Plaintiff therefore respectfully requests that the Court conduct the required de novo review, reject the Recommendation, and grant ECF No. 79.

## STANDARD OF REVIEW

The Recommendation concerns disposition of Plaintiff's motion to add substantive federal claims and recommends denial on futility and prejudice grounds. Under 28 U.S.C. § 636(b)(1), the District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also Rule

72(b)(3). The Court must independently determine whether the proposed pleading states plausible DPPA claims and whether the Rule 15(d) factors justify denying leave.

Futility is tested under the Rule 12(b)(6) standard. A proposed claim is futile only if it would be subject to dismissal. At that stage, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. It does not choose among competing factual explanations or resolve disputed questions of intent or purpose.

Rule 15(d), meanwhile, grants broad discretion to permit supplementation concerning post-complaint transactions, occurrences, and events. The Tenth Circuit instructs that permission "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Walker*, 240 F.3d at 1278 (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989)).

## I. OBJECTION ONE: THE RECOMMENDATION ERRONEOUSLY CONSTRUES PARAGRAPH 5 AS A CONCESSION OF LAWFUL PURPOSE.

The Recommendation's futility ruling turns on one sentence from paragraph 5: "It concerned Plaintiff's domicile and was undertaken to obtain evidence for Defendants' defense of this civil action." ECF No. 79-1 ¶ 5. From that sentence, the Recommendation concludes that Plaintiff "concedes" the search was conducted for a permissible purpose and therefore "has conceded that Defendants acted lawfully when they obtained and used the motor vehicle records." ECF No. 113 at 3. That is not what the pleading says.

Paragraph 5 must first be read in full. It alleges: "The investigation did not concern motor-vehicle safety, vehicle theft, or fraud prevention or detection. It concerned Plaintiff's domicile and was undertaken to obtain evidence for Defendants' defense of this civil action." ECF No. 79-1 ¶ 5.

The first sentence matters because the contemporaneous Vehicle Investigations Report identifies the asserted DPPA permissible use as "Motor Vehicle Safety or Theft." ECF No. 79-1 ¶¶ 4–5, 103–107. The pleading alleges that *representation* was false or inaccurate. The later allegations remove any possible ambiguity. See Supplemental Pleading, ECF 79-1, ¶¶ 101 to 105; 107; 110; 111; and 112. ECF 79 pleads unlawful *use* and *disclosure* in the alternative. A complaint cannot fairly be read by isolating one sentence while disregarding the allegations that expressly define the claim. Paragraph 5 explains why Defendant's representation in *obtaining* the information is false. Paragraphs 101–112 address the materially different question of *how and for what represented purpose* protected motor-vehicle information was actually obtained from the database. Plaintiff did not concede that the acquisition complied with § 2721. She expressly alleged that it did not. The DPPA regulates how information is *obtained*, *used*, and *disclosed*. Each act is a separate violation.

## II. OBJECTION TWO: THE RECOMMENDATION RESOLVES THE CENTRAL FACTUAL QUESTION OF PURPOSE AGAINST PLAINTIFF AT THE PLEADING STAGE.

The Recommendation states that it is "not making any factual finding that the motor vehicle records were obtained for this purpose; it does not need to." ECF No. 113 at 3. But the next step in its analysis necessarily does exactly that. The DPPA creates liability when a person knowingly "obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted" under the Act. 18 U.S.C. § 2724(a). *Hedquist v. Walsh*, 786 F. App'x 130, 133 (10th Cir. 2019), recognizes impermissible purpose as an element of the claim.

The contemporaneous record *creates*, rather than eliminates, a factual question about that element. The Accurint Vehicle Investigations Report states:

"Your DPPA Permissible Use: Motor Vehicle Safety or Theft."

Nothing alleged in this case concerns motor-vehicle safety or vehicle theft. No allegation establishes that the recorded purpose was a clerical error. No allegation establishes who selected it. No allegation establishes what representations were made to the database to obtain access. Indeed, the proposed pleading expressly alleges that those facts are presently within the investigators' superior knowledge. ECF No. 79-1 ¶ 110. The Court therefore erred in concluding at the Rule 12(b)(6) stage that the information was necessarily obtained for a permissible litigation purpose. That is a factual inference favorable to Defendants, which is contrary to the Rule 12(b)(6) standard of review.

The distinction between **obtaining** information and later **using** it also matters. Section 2724(a) separately addresses one who "obtains, discloses or uses" protected information for an impermissible purpose. That Defendants later filed the information in this litigation may establish a subsequent use. It does not, as a matter of law, establish the purpose for which the database search was conducted or the representations made to obtain access in the first instance.

The Supreme Court's decision in *Maracich v. Spears*, 570 U.S. 48, 60–61, 71–72 (2013), likewise *forecloses treating any eventual connection to litigation as automatically ending the statutory purpose inquiry*. Section 2721(b)(4) is a defined exception to a privacy statute, not a blanket exemption for information that ultimately finds its way into litigation. At minimum, the pleaded facts create a plausible factual dispute about purpose. That is enough to defeat futility.

## III. OBJECTION THREE: JUDICIAL NOTICE OF DEFENDANTS' LATER USE CANNOT ESTABLISH THE PURPOSE OF THE EARLIER ACQUISITION.

The Recommendation also reasons that the Court may judicially notice that information obtained through the investigation was later included in Defendants' motion to dismiss. ECF No. 113 at 3. Plaintiff does not dispute that the Court may notice what was filed on its docket. But

judicial notice of a later filing does not establish the disputed historical purpose of an earlier database search. Judicial notice in an evidentiary context applies only to adjudicated facts, not the mere filing of allegations. Especially where, as here, Plaintiff contested the admissibility and credibility of the affidavits, and those issues were never adjudicated by the court. *See Motions to Strike or Exclude the affidavits* [ECF 49 and 51], and the first Motion to Dismiss and the Motions to strike or Exclude were denied as moot by the District Court. *See Order dated July 22, 2026 [ECF 61*]. The Magistrate Judge improperly went outside the pleadings and prejudged the merits of the claims.

The June 11, 2026 search preceded Defendants' filing of the information. The relevant factual questions include who conducted the search, what purpose was selected or represented to the database, what instructions were given, and why "Motor Vehicle Safety or Theft" appears on the resulting report. Later use of the resulting information does not answer those questions.

The Recommendation therefore moves from a judicially noticeable fact—Defendants later filed the information—to a disputed factual inference—the information necessarily was originally obtained for that permissible purpose. Rule 12(b)(6) does not permit that inference to be drawn against the pleader. Nor does the absence of an allegation that Defendants used the information for some wholly unrelated later purpose defeat the claim. The proposed pleading challenges the acquisition itself. Section 2724(a) expressly reaches unlawful obtaining as well as unlawful use or disclosure.

Moreover, it is notable that the Magistrate Judge also concluded in its order denying the motion to disqualify counsel that the court "could find nothing wrong" with counsel's actions. The Court's subsequent rulings in this case concerning Plaintiff's DPPA-protected information appear to retroactively bolster that conclusion. See Rule 72 Objections filed in this case.

## IV. OBJECTION FOUR: THE RECOMMENDATION ERRONEOUSLY CHARACTERIZES THE POST-FILING CONDUCT AS "COMPLETELY UNRELATED" TO THIS ACTION.

The Recommendation alternatively concludes that the DPPA claims involve "completely new and unrelated facts." ECF No. 113 at 4. Its own description of those facts demonstrates otherwise. The Recommendation states that the investigators were hired "to obtain jurisdictional evidence for use in defending against this suit." Id. It further recognizes that the challenged information was included in Defendants' motion to dismiss in this case. Id. at 3. Thus, the investigation was commissioned because this action existed. It concerned Plaintiff's domicile because Defendants sought to contest federal jurisdiction in this action. The investigators acted for the existing Defendants in this action. The information was obtained for the defense of this action. The resulting affidavit and information were filed in this action.

The proposed claims arose directly from Defendants' efforts to defend this very lawsuit. These allegations relate to why the claims should be added to the lawsuit. They are not properly considered or determined by the Court for the purpose of deciding whether the claims are futile under Rule 15. the Court cannot go outside the four corners of the Supplemental Pleading to determine facts that do not relate to jurisdiction, and the Court must construe all well pleaded facts in favor of Plaintiff. Here, the Magistrate Judge misapplied the applicable standards of review and inferred evidence where none exists.

That is precisely the kind of post-filing development Rule 15(d) is designed to address. The Rule permits supplementation for "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Tenth Circuit directs that leave should be liberally granted. *Walker*, 240 F.3d at 1278.

The Supreme Court has also rejected the proposition that Rule 15(d) categorically bars supplementation because later events involve additional parties. In *Griffin v. County School Board of Prince Edward County*, 377 U.S. 218, 226–27 (1964), the Court held that Rule 15(d) permitted supplementation based on post-filing events and explained that "persons participating in these new events may be added, if necessary." The Court emphasized that such supplementation serves the Rules' basic aim of achieving the orderly and fair administration of justice. Id. at 227. Here, Brofford and Braddy Investigative Group are not strangers whose unrelated conduct is being appended to an existing lawsuit. They allegedly participated in the very post-filing events giving rise to the supplemental claims while acting in connection with Defendants' defense of this case.

## V. OBJECTION FIVE: THE RECOMMENDATION'S PREJUDICE FINDINGS ARE SPECULATIVE AND DO NOT ESTABLISH THE UNDUE PREJUDICE REQUIRED TO DEFEAT RULE 15(d)'s LIBERAL STANDARD.

The Recommendation identifies three forms of supposed prejudice or complexity: discovery may involve attorney-client privilege or work product; the investigators may become witnesses; and Defendants may be unable to continue using the investigators if they become parties. ECF No. 113 at 4–5. None establishes undue prejudice, and none of these issues are protected by federal statute. By contrast, the unauthorized use, disclosure, and obtaining Plaintiff's private and DPPA-protected information carries more weight than shielding Defendants from knowingly violating federal law.

First, privilege and work-product issues are ordinary discovery issues. Their possible existence does not establish that privileged communications must be disclosed. Courts routinely resolve privilege questions through objections, privilege logs, protective orders, in camera

review, and limitations on discovery. The proposed DPPA claims principally concern objective facts: who performed the search, what information was submitted, what permissible-purpose designation was selected, what information was returned, and what happened to it.

Second, the fact that investigators may become witnesses is not unfair prejudice. It follows from their alleged participation in the events at issue. A potential witness does not become immune from liability because litigation of the claim may require testimony.

Third, the possibility that Defendants may prefer not to continue using investigators who become parties is not legal prejudice caused by supplementation. It is a practical consequence of the alleged post-filing conduct. Rule 15(d) does not protect a party from claims arising from post-filing conduct merely because those claims may affect how the party chooses to litigate thereafter. The contrast with *Walker* is instructive. There, supplementation was sought when discovery had closed, the defendant was ready for trial or summary judgment, and the new claim would have required additional discovery and delayed final resolution. 240 F.3d at 1278. The Recommendation identifies no comparable procedural prejudice here.

Nor does *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008), support a categorical rule that a supplemental claim should be rejected whenever it could be brought separately. If that were enough, Rule 15(d)'s purpose of reducing multiplicity of litigation would largely disappear.

Requiring a separate federal action would instead duplicate proceedings, which is inconsistent with the interests of judicial economy and the quick and efficient resolution of claims under federal law. The same existing Defendants would be involved. The investigation undertaken for this action would be at issue. The same June 2026 search, report, affidavit, jurisdictional investigation, and subsequent filings would be relevant. Privilege and work-

product issues, to the extent they exist, would not disappear; they would simply be litigated in a second case before another judge. That is not efficiency.

## VI. OBJECTION SIX: THE RECOMMENDATION'S TWO GROUNDS REINFORCE THE NEED FOR DE NOVO REVIEW.

There is a further tension between the Recommendation's two rationales. For futility, the Recommendation treats the investigation and this lawsuit as so closely connected that the litigation exception conclusively establishes a permissible purpose. For Rule 15(d), it treats the same investigation and lawsuit as so disconnected that the DPPA claims are "completely new and unrelated." Both cannot carry the weight assigned to them. The connection to this litigation may ultimately bear on the merits of the DPPA claims. But it does not establish as a matter of law why the June 11 database acquisition occurred, what purpose was represented to obtain the information, or whether the acquisition complied with § 2721.

Conversely, the fact that the supplemental claims arise under a different statute and from later conduct does not make them unrelated for Rule 15(d). The later conduct occurred because of this lawsuit and in the course of defending it. De novo review is particularly important because the Recommendation's futility determination disposes of a federal statutory claim before pleading and discovery based on a factual issue that *Hedquist* identifies as central: purpose. And it does so by going outside the pleadings, and ignoring the well-settled standard of review under Rule 12(b)(6).

Plaintiff does not ask the Court to decide now that a DPPA violation occurred. She asks only that the Court apply the pleading standard. The proposed pleading alleges an impermissible acquisition, identifies a contemporaneous record supporting that allegation, identifies the unexplained discrepancy between the recorded purpose and the actual investigation, and alleges

that the facts identifying who performed the search and selected the purpose remain within Defendants' investigators' knowledge. That is not futility. It is a factual dispute.

## VII. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court conduct de novo review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3); sustain Plaintiff's objections; reject the September 16, 2026 Recommendation, ECF No. 113; and grant Plaintiff's Motion for Leave to File Supplemental Pleading, ECF No. 79.

Alternatively, if the Court concludes that any aspect of the proposed pleading requires clarification or amendment, Plaintiff respectfully requests leave to cure that issue rather than dismissal of the proposed claims as futile.

Dated: Tuesday, September 29, 2026

Respectfully submitted,

s/ Nina H Kazazian
*Nina Kazazian*
1621 Central Ave #8897;
Cheyenne, WY 82001
Telephone: (303) 888-1100
E-mail: nina@kazazian.com
*Pro Se*

## CERTIFICATE OF SERVICE

Undersigned certifies that on Tuesday, September 29, 2026, the foregoing Notice was filed with the court via the ECF system, which automatically notifies all the parties.

/s/ Nina H. Kazazian

## CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE

The undersigned pro se Plaintiff certifies that generative artificial intelligence—specifically, ChatGPT—was used to draft this filing. All cited authorities were manually reviewed by Plaintiff to the extent possible using publicly available resources on the internet. Plaintiff does not have access to Westlaw, Lexis, or any similar legal research database.

/s/ Nina H. Kazazian