IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00690-NYW-NRN

NINA H. KAZAZIAN,

Plaintiff,

v.

WILSON ELSER LLP, a New York Limited Liability Partnership,
JASON D. MELICHAR, Esq., a Colorado-Licensed Attorney, Registration Number 31114, and
DR. LAURA REIFFEL, PhD,

Defendants.

---

**ORDER GRANTING MOTION TO STAY**
**(ECF No. 116)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter comes before the Court on Plaintiff Nina H. Kazazian's ("Plaintiff") Motion to Stay Proceedings Pending Resolution of Pending Rule 72 Objections ("Motion"), ECF No. 116. The Motion will be **GRANTED**.

Plaintiff moves to stay proceedings in this Court pending resolution of numerous objections Plaintiff has made to this Court's various rulings and recommendations. For example, she has objected to this Court's recommendation denying her leave to file a supplemental complaint adding Defendants' investigators as defendants in a new claim for violating the Driver's Privacy Protection Act ("DPPA"). *See* ECF No. 117 (objection filed on September 29, 2026 to ECF No. 113). She has objected to a recommendation denying an emergency motion for preliminary injunction which was denied because she

had not shown a substantial likelihood of success on her claims under the DPPA. *See* ECF No. 109 (objection filed September 11, 2026). Plaintiff has objected to an order denying a motion to disqualify counsel. *See* ECF No. 76 (objection filed on August 11, 2026). She also professes an intention to object to this Court's ruling denying restriction of Defendant's initial motion to dismiss. *See* ECF No. 115 (Order granting in part and denying in part Plaintiff's Motion for Leave to Restrict and for Protective Order) and ECF No. 116 at 4 (purporting an intent to file timely objection to ECF No. 115).

Based on the pendency (or soon-to-be pendency) of these objections, Plaintiff seeks to stay her obligations to respond to Defendants' Motions to Dismiss Plaintiff's First Amended Complaint. *See* ECF No. 87 (Motion to Dismiss First Amended Complaint by Defendants Melichar and Wilson Elser LLP, filed August 24, 2026); ECF No. 90 (Motion to Dismiss by Defendant Rieffel).[1] She also seeks to vacate the evidentiary hearing on the motions to dismiss that is set for November 5, 2026, at 2:00 p.m.

Plaintiff's claimed basis for the stay is that there is overlap between the objected-to orders that are currently before Judge Nina Y. Wang and the issues raised in the motions to dismiss. Per Plaintiff, it would provide clarity on how to proceed if Judge Wang were to first rule on the various objections before the motions to dismiss were briefed. Plaintiff also claims (without providing any evidence—such as a doctor's note or pre-existing travel plans) that she "cannot reasonably attend the hearing due to a significant private pre-existing matter." ECF No. 116.

[1] The Court previously granted Plaintiff an 18-day extension of time to respond to both motions to dismiss from September 14, 2026 until October 2, 2026.

The Court identifies two areas of overlap between the anticipated evidentiary hearing on the motions to dismiss and the objections currently, or soon to be, before Judge Wang. First, Defendants challenge the viability of the Americans with Disabilities Act ("ADA") claim that Plaintiff has raised. This is not an issue addressed in any of Plaintiff's objections and could be addressed entirely independent of those objections. But if Defendants are successful in getting the ADA claim dismissed, then the only remaining claims in the case are state law claims, which for there to be jurisdiction in this Court would require the adverse parties to be citizens of different states. Absent diversity jurisdiction, any state law claims likely would be dismissed without prejudice.

This is the reason for the anticipated evidentiary hearing, as Defendants have challenged Plaintiff's alleged domicile, and therefore her citizenship. At the hearing, the Court anticipates taking evidence and testimony from both the Plaintiff and Defendants' investigators about the domicile issue. Again, if there is no federal statutory claim in the case, and there is no diversity of citizenship that would allow a state law claim (legal malpractice, for example) to proceed in federal court, the entire case would likely be dismissed. This is where there is some overlap between the motions to dismiss and Plaintiff's objections.

If Plaintiff is successful in convincing Judge Wang that Plaintiff is entitled to file a supplemental complaint adding claims under the DPPA, then there will be a federal statutory claim in the case sufficient to establish proper subject matter jurisdiction, even absent the ADA claim and notwithstanding a lack of diversity between the parties. The question of Plaintiff's domicile then fades, to a degree, into the background, arguably eliminating the need for an evidentiary hearing.

There is some additional overlap between Plaintiff's objections and the pleadings on the motion to dismiss. Plaintiff will likely be attempting to rebut Defendants' allegations regarding her domicile. She likely will need to file evidence and present argument regarding those factual allegations, which she maintains should be kept private and under restriction. She has indicated an intention to object to this Court's ruling unrestricting the allegations relating to her domicile. It would facilitate the filings and the consideration of these allegations and evidence if there were clarity on whether the allegations should be restricted or not. The Court has made its own ruling on the issue, but Plaintiff has the right to object to Judge Wang regarding the non-dispositive ruling that the domicile-related allegations and evidence should not be restricted.

Ultimately, the Court agrees that rulings from Judge Wang on Plaintiffs' various objections would clarify the scope of and streamline the anticipated briefing and evidentiary hearing on Defendants' motions to dismiss.

For the foregoing reasons, Plaintiff Nina H. Kazazian's Motion to Stay Proceedings Pending Resolution of Pending Rule 72 Objections, ECF No. 116, is **GRANTED**.

All deadlines not related to Plaintiff's objections in this case are hereby stayed. The hearing set for November 5, 2026 is vacated. Within three (3) days of Judge Wang's orders on Plaintiff's objection to ECF No. 117 and any objection to ECF No. 115, the parties shall contact the Court to set a status conference to establish a response date for the pending motions to dismiss and to set a hearing date.

The parties should note that this is an unusual circumstance and it is extremely rare for this Court to stay proceedings pending a decision on an objection to one of its

rulings. First, it is unusual for a district judge to sustain objections to a magistrate judge's orders or recommendations. Most of the time, the magistrate judge gets its right (or at least does not abuse his or her discretion on non-dispositive issues). Thus, in the vast majority of cases, matters proceed based on the assumption that the magistrate judge's rulings will be affirmed. Otherwise, litigation in this Court would grind to a halt with repeated objections. But in this unusual case, the overlap between the pending objections and the pending motions to dismiss justifies the requested stay. What does not justify the stay is Plaintiff's claimed disability, which despite being referenced repeatedly, has never been demonstrated to this Court via any documentation. The fact that Plaintiff files document after document, objection after objection, and multiple amended complaints, citing to rules and other authority, confirms that Plaintiff is more than capable of representing herself. Also not justifying a stay is Plaintiff's claimed inability to obtain counsel. If Plaintiff were willing to pay for counsel, she could get a lawyer. Neither does Plaintiff's claimed private preexisting commitment on November 5, 2026, justify a stay or a continuance. Plaintiff has filed this lawsuit. The Court has limited time available on its calendar and when a party is given a month and a half advance notice of a hearing date, there needs to be a very good reason, supported by documentation, for a continuance. Here, Plaintiff has provided no documentation or further explanation for her claimed conflict.

All this notwithstanding, under the unusual circumstances presented in this case, Plaintiff's requested stay will be granted.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a, the parties have fourteen (14) days after service of this order to serve and file specific**

**written objections to the above order with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives review of the order by the District Judge and also waives appellate review of both factual and legal questions. The District Judge's review of this order is generally limited to circumstances where it can be shown that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636 (b)(1)(A).**

Dated at Denver, Colorado this 6th Day of October 2026

N. Reid Neureiter
N. Reid Neureiter
United States Magistrate Judge