**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-00690-NYW-NRN

Nina H. Kazazian,

Plaintiff,

v.

Wilson Elser Moskowitz Edelman and Dicker LLP (A New York Limited Liability Partnership),
Jason D. Melichar, Esq. (Colorado Attorney Registration Number 31114),
Dr. Laura Reiffel, PhD,

Defendant(s).

---

PLAINTIFF'S RULE 72(a) OBJECTIONS TO [ECF NO. 115]

---

Plaintiff Nina H. Kazazian, proceeding pro se under protest[1], respectfully submits these Objections to the Magistrate Judge's Order on the motion to restrict and for protective order [ECF 115].

## I. STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the District Judge must modify or set aside any portion of a magistrate judge's nondispositive order that is clearly

[1] Plaintiff proceeds pro se notwithstanding a documented disability history that resulted in her transfer to disability-inactive status following proceedings involving medical and expert evidence concerning functional impairments. Plaintiff has previously advised the Court of those impairments and has unsuccessfully sought appointment of counsel. Plaintiff does not rely on her disability to excuse compliance with applicable rules or substantive standards. The history is noted because Plaintiff's former legal training and *substantial reliance on ChatGPT* in this action should not, standing alone, be treated as establishing present functional capacity equivalent to represented counsel, particularly when evaluating procedural notice, litigation performance, or omissions in pro se filings.

erroneous or contrary to law. A factual determination is clearly erroneous when, after reviewing the record, the reviewing court is left with the definite and firm conviction that a mistake has been made. See *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988).

Plaintiff recognizes the strong presumption of public access to judicial records. See *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). But D.C.COLO.LCivR 7.2 expressly requires consideration of alternatives to complete restriction, including redaction and restriction of only portions of a filing. The dispute here therefore is not between complete secrecy and public access. It concerns whether particular personal information must be disclosed without redaction and whether an ordinary protective procedure may govern future confidential information.

## II. OBJECTION ONE: THE ORDER'S PUBLIC-ACCESS RATIONALE IS MATERIALLY UNDERMINED BECAUSE ECF NO. 40 IS NOT AWAITING ADJUDICATION.

ECF No. 115 states that "what is important is that the public have access to the Court's decision-making process" and reasons that the Court is less concerned about restricting the underlying exhibits because, "presumably, what was important in the exhibits and necessary for Court decision-making was cited in the motion itself." ECF No. 115 at 12. That reasoning overlooks the procedural status of the particular motion at issue. ECF No. 40 is not awaiting judicial decision. The District Judge already denied it as moot. There therefore is no forthcoming adjudication of ECF No. 40 for which disclosure of Plaintiff's complete VIN, street addresses, email address, sending IP information, or comparable identifiers is necessary to permit public scrutiny of the Court's reasoning. The public can understand what actually happened to ECF No. 40 from the docket: Defendants challenged diversity jurisdiction, Plaintiff

contested that challenge and its supporting evidence, Plaintiff filed an Amended Complaint, and the District Judge denied the motion and Plaintiff's corresponding evidentiary motions as moot.

That history does not require public dissemination of granular personal identifiers. The inconsistency is particularly apparent because ECF Nos. 40-5 through 40-8 remain restricted while ECF No. 115 directs unrestricted publication of information drawn from those exhibits through the body of ECF No. 40.

## III. OBJECTION TWO: THE ORDER ERRONEOUSLY REJECTS EVEN THE NARROW REDACTIONS PROPOSED BY DEFENDANTS.

This issue does not present a binary choice between complete restriction and unrestricted disclosure. Defendants themselves proposed, as a fallback, redacting Plaintiff's street addresses, VIN, email address, and sending IP information. ECF No. 98 at 4–5 & Ex. 1. Defendants therefore demonstrated that those identifiers can be removed without preventing public understanding of the litigation.

ECF No. 115 nevertheless directs that ECF No. 40 be made public without those redactions. At minimum, the District Judge should modify the Order to require the narrow redactions Defendants themselves proposed. Those redactions preserve public access to the substance of ECF No. 40 while avoiding unnecessary dissemination of identifiers that add nothing material to understanding the judicial proceedings. However, Plaintiff maintains that the restrictions placed on the supporting materials should also apply to the Motion itself, as she proposed.

## IV. OBJECTION THREE: THE FINDING THAT THE DISPUTED INFORMATION IS "ALL PUBLICLY AVAILABLE" IS UNSUPPORTED BY THE RECORD AND CONFLATES PUBLIC AVAILABILITY WITH ACCESS THROUGH COMMERCIAL INVESTIGATIVE SOURCES.

ECF No. 115 states that the addresses, vehicle information, license plate, and VIN information are "all publicly available" and reasons that, because the information is public, republication on the federal docket causes no additional injury. But elsewhere the parties and record refer to information obtained from "publicly or commercially available sources." Those are not synonymous categories. Information obtainable through a subscription investigative database, restricted commercial service, or other specialized source is not necessarily information freely available to the general public. The Order identifies no public source from which a member of the public could enter Plaintiff's name and obtain all of the information at issue.

That distinction matters because the finding of public availability supplies the premise for the Order's conclusion that unrestricted republication causes no additional harm.

ECF No. 115 now makes additional factual determinations from substantially the same investigative record. It states categorically that Plaintiff's current or former addresses, vehicle type, license plate, and VIN information are "all publicly available." It further concludes, based upon the investigator's affidavit attached to ECF No. 40, representations of counsel, and the Court's own review of the disputed information, that "it does not appear that any of the information contained in the motion to dismiss was based on facts learned during the Attorney Defendants' representation of Plaintiff years ago." The Order itself thus describes the material as "disputed information" while simultaneously drawing factual conclusions from it.

These conclusions are incorrect and unsupported by the evidence in the case. Instead, the adopt arguments of Defendants' counsel—which are per se not evidence—as true. By contrast, Plaintiff has been unable to find any of her information on publicly available sources on the internet and Defendants did not identify any such sources.

Plus, the Court's conclusion that such information is publicly available contradicts the provisions of the DPPA, which defines most of this information as confidential. Because the Motion for Leave to file Supplemental Pleading is still pending, these findings collaterally undermine the merits of Plaintiff's DPPA claims—again predetermining issues that have not been briefed or heard, which interferes with the Plaintiff's due process rights. The District Judge should therefore set aside or modify the categorical finding that the disputed information is "all publicly available" unless supported by an evidentiary record establishing that proposition.

## V. OBJECTION FOUR: THE ORDER MISCONSTRUES PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER AS A REQUEST FOR PROSPECTIVE ADJUDICATION.

Plaintiff did not ask the Magistrate Judge prospectively to determine every future question of attorney-client privilege, implied waiver, admissibility, or ethical obligation. She requested a procedure through which confidential or potentially privileged information could be identified and protected temporarily so that an actual dispute could be resolved before disclosure caused irreversible harm. That is materially different from requesting an advisory opinion.

Rule 26(c) expressly authorizes protective procedures governing the manner in which information may be disclosed during litigation. Plaintiff's proposed order likewise expressly preserved later disputes concerning privilege, discoverability, admissibility, waiver, and restriction. Thus, Plaintiff was not asking the Court to decide future disputes. She was asking the

Court **not to decide them until they actually arose, while preserving confidentiality in the interim.**

ECF No. 115 instead characterizes the request as asking the Court prospectively to order the Attorney Defendants to comply with professional rules and to issue an advisory opinion concerning implied waiver. That characterization does not address the narrower procedural relief Plaintiff actually requested. The distinction is particularly important where the Attorney Defendants possess information obtained during a former attorney-client relationship and another Defendant was not Plaintiff's attorney. Once disputed confidential information is disclosed to another party or publicly filed, the confidentiality interest cannot readily be restored.

The District Judge should therefore set aside the categorical denial of protective procedures and remand for consideration of a limited protective mechanism that preserves disputed information temporarily while leaving the merits of any particular privilege, waiver, confidentiality, discoverability, or admissibility issue for determination only if and when that issue actually arises.

## VI. OBJECTION FIVE: ECF NO. 115 IMPROPERLY TREATS THE DISPUTED EVIDENTIARY RECORD OF A MOOT JURISDICTIONAL MOTION AS OPERATIVE AND PREJUDGES FACTS THE COURT HAS SAID REQUIRE AN EVIDENTIARY DETERMINATION.

At the August 27 hearing[2], the Magistrate Judge indicated that the Court has an independent obligation to determine whether subject-matter jurisdiction exists. Plaintiff does not

---

[2] Plaintiff has requested the audio recording of the August 27, 2026 hearing but has not yet received it. These objections therefore rely upon the written record and do not purport to quote the Court's oral statements. If the recording materially clarifies the Court's instructions

dispute that principle. See Fed. R. Civ. P. 12(h)(3). The issue is different: **the Court's independent obligation to assure jurisdiction does not itself transform a factual jurisdictional challenge directed to a superseded complaint and denied as moot into a pending factual challenge to the operative Amended Complaint, nor does it establish as fact the disputed evidence submitted with that motion.**

The operative Amended Complaint expressly preserved diversity jurisdiction. The Court's form directed Plaintiff to identify the jurisdictional basis by "check[ing] one," and Plaintiff selected federal-question jurisdiction because the Amended Complaint added federal claims. ECF No. 59 at 2. But the Amended Complaint separately pleaded "ADDITIONAL JURISDICTIONAL ALLEGATIONS REGARDING PLAINTIFF'S DOMICILE," alleging Wyoming domicile and expressly concluding: "Accordingly, Plaintiff is a citizen of the State of Wyoming for purposes of 28 U.S.C. § 1332." Id. ¶¶ 8–15. It separately alleges the citizenship of Plaintiff and Defendants. Id. ¶¶ 16–18. The selection of the federal-question box therefore did not abandon the expressly pleaded diversity allegations.

Defendants previously mounted a factual Rule 12(b)(1) attack on diversity in ECF No. 40, directed to the original Complaint. They supported that motion with affidavits, investigative reports, addresses, vehicle information, and other material outside the pleadings. Plaintiff challenged both the jurisdictional assertions and the supporting evidence. But that proceeding ended without adjudication of those factual disputes: after Plaintiff filed the Amended Complaint, the District Judge denied ECF No. 40 as moot and likewise denied Plaintiff's

---

concerning the redaction procedure or jurisdictional inquiry, Plaintiff respectfully requests leave to submit the relevant portion of the recording or transcript for the District Judge's consideration.

corresponding evidentiary challenges as moot. ECF No. 61. Defendants' subsequent motions to dismiss the operative Amended Complaint did not renew that factual diversity challenge within the motions themselves, instead purporting to incorporate prior materials by reference.

The Tenth Circuit distinguishes a facial jurisdictional inquiry from a factual attack. A facial inquiry tests the jurisdictional allegations of the operative complaint; a factual attack permits consideration of evidence outside the pleadings and, where appropriate, resolution of disputed jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). Plaintiff recognizes both the Court's authority to raise jurisdiction sua sponte and its authority, when conducting a proper factual jurisdictional inquiry, to consider evidence outside the pleadings. But neither principle automatically reinstates ECF No. 40, vacates the District Judge's mootness ruling, or selectively restores Defendants' evidence while Plaintiff's challenges to that evidence remain terminated.

Nor does incorporation by reference cure that problem. Incorporation does not silently reinstate an entire terminated Rule 12(b)(1) motion or permit a party to obtain the substantive benefit of arguments and evidence exceeding the briefing permitted for the motions actually before the Court while leaving the opposing party's corresponding evidentiary challenges moot. The resulting asymmetry is substantial: Defendants receive the continuing substantive benefit of evidence submitted with their moot motion, while Plaintiff has never received a merits determination of her challenges to that evidence.

If the Court independently questions the truth of the diversity allegations in the operative Amended Complaint, it may identify and address that concern. But a new factual inquiry into the operative pleading should proceed as such—with notice of the jurisdictional issue being

examined, identification of the evidentiary record to be considered, and a meaningful opportunity for Plaintiff to challenge that evidence.

**ECF No. 115 compounds this procedural problem by treating material propositions from that unadjudicated record as established facts before the contemplated jurisdictional hearing.** The Order concludes, among other things, that Plaintiff's current or former addresses, vehicle type, license plate, and VIN information are "all publicly available" and, relying in part upon the investigator's affidavit attached to ECF No. 40, concludes that it "does not appear that any of the information contained in the motion to dismiss was based on facts learned during the Attorney Defendants' representation of Plaintiff." These are factual determinations, not merely descriptions of Defendants' contentions.

This concern does not arise from ECF No. 115 in isolation. Plaintiff has previously objected under Rule 72 to other rulings in which she contends the Magistrate Judge resolved disputed factual matters without an evidentiary determination. See ECF Nos. 76, 109, 117. Those objections remain pending before the District Judge. Plaintiff incorporates those objections only to identify the procedural sequence and does not repeat their arguments here. Nor does Plaintiff contend that adverse rulings, standing alone, establish judicial bias. See *Liteky v. United States*, 510 U.S. 540, 555 (1994). The concern here is the objective procedural effect: disputed evidence from a terminated jurisdictional motion is repeatedly being treated as fact before the contemplated proceeding at which the relevant factual disputes are supposed to be adjudicated.

The problem is illustrated by ECF No. 65, which stated that the Court could "find nothing improper about Defendants using information about Plaintiff's whereabouts, addresses, or car registration to challenge her claims of being a Wyoming citizen." ECF No. 65 at 10. ECF No. 115 now goes further by making factual determinations concerning the source and public

availability of that same category of investigative information. Repeated acceptance of disputed propositions from the same unadjudicated evidentiary record risks converting the contemplated jurisdictional hearing from an open determination of disputed facts into a proceeding in which Plaintiff must overcome factual conclusions already reflected in prior rulings.

Plaintiff respectfully requests that the District Judge limit *Defendants'* factual jurisdictional challenge to the grounds and facts actually presented in their motions to dismiss the operative Amended Complaint, excluding the wholesale "incorporation by reference" of ECF No. 40 and its supporting evidence. ECF No. 40 was denied as moot, as were Plaintiff's challenges to its disputed evidentiary submissions. ECF No. 61. Permitting Defendants to revive that evidence through incorporation, without renewing their factual challenge within the applicable briefing limits or allowing Plaintiff's corresponding evidentiary objections to be heard, effectively nullifies the District Judge's mootness ruling and unfairly privileges Defendants' untested evidence. Although the Court retains an independent obligation to examine subject-matter jurisdiction under Rule 12(h)(3), that obligation does not reinstate a terminated motion or establish its disputed evidence as fact.

If the Court independently intends to conduct a factual jurisdictional inquiry beyond the challenges presented in the operative motions, it should expressly identify that inquiry and afford Plaintiff notice and a meaningful opportunity to contest the evidence before making factual determinations.

## VII. RELIEF REQUESTED:

Plaintiff respectfully requests that the District Judge:

1. MODIFY or SET ASIDE ECF No. 115 insofar as it directs unrestricted publication of ECF No. 40;

2. ADOPT Plaintiff's proposed redactions [ECF 96-1], which follow the restrictions of the underlying affidavits, and DIRECT that ECF No. 40 remain restricted and only the redacted version be made public;

3. REQUIRE, at minimum, the redactions proposed by Defendants in ECF No. 98 and Exhibit 1, including Plaintiff's street addresses, VIN, email address, and sending IP information;

4. SET ASIDE or MODIFY the categorical factual finding that the disputed information is "all publicly available" unless supported by competent evidence;

5. SET ASIDE AND CLARIFY that ECF No. 115 does not establish the accuracy, admissibility, source, or jurisdictional significance of the investigative evidence submitted in connection with the moot ECF No. 40;

6. SET ASIDE AND CLARIFY that nothing in ECF No. 115 adjudicates Plaintiff's domicile or prejudges any factual jurisdictional inquiry directed to the operative Amended Complaint;

7. SET ASIDE the conclusion that Plaintiff's requested protective procedure necessarily seeks an impermissible advisory opinion and GRANT Plaintiff's proposed Protective Order; and

8. GRANT such further relief in favor of Plaintiff as the District Court deems appropriate.

Dated: Wednesday, October 7, 2026

Respectfully submitted,

s/ Nina H Kazazian
*Nina Kazazian*
1621 Central Ave #8897

Cheyenne, WY 82001
Telephone: (303) 888-1100
E-mail: nina@kazazian.com
*Pro Se*

**CERTIFICATE OF SERVICE**

Undersigned certifies that on Wednesday, October 7, 2026, the foregoing Notice was filed with the court via the ECF system, which automatically notifies all the parties.

/s/ Nina H. Kazazian

**CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE**

The undersigned pro se Plaintiff certifies that generative artificial intelligence—specifically, ChatGPT—was used to draft this filing. All cited authorities were manually reviewed by Plaintiff to the extent possible using publicly available resources on the internet. Plaintiff does not have access to Westlaw, Lexis, or any similar legal research database.

/s/ Nina H. Kazazian