**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-00690-NYW-NRN

Nina H. Kazazian,

Plaintiff,

v.

Wilson Elser Moskowitz Edelman and Dicker LLP (A New York Limited Liability Partnership),
Jason D. Melichar, Esq. (Colorado Attorney Registration Number 31114),
Dr. Laura Reiffel, PhD,

Defendant(s).

---

PLAINTIFF'S LIMITED RULE 72(a) OBJECTIONS TO COMMENTS OR ADVERSE FACTUAL FINDINGS AND CHARACTERIZATIONS IN ORDER GRANTING STAY [ECF NO. 119]

---

Plaintiff Nina H. Kazazian, proceeding pro se under protest[1], objects under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) **solely** to the adverse factual assertions and characterizations in the final substantive paragraph of the October 6, 2026 Order (ECF No. 119, at 5). Plaintiff **does not** object to the stay, the vacatur of the November 5 hearing, or the briefing sequence. The Court correctly granted the stay because the pending Rule 72 objections overlap

[1] Plaintiff proceeds pro se notwithstanding a documented disability history that resulted in her transfer to disability-inactive status following proceedings involving medical and expert evidence concerning functional impairments. Plaintiff has previously advised the Court of those impairments and has unsuccessfully sought appointment of counsel. Plaintiff does not rely on her disability to excuse compliance with applicable rules or substantive standards. The history is noted because Plaintiff's former legal training should not, standing alone, be treated as establishing present functional capacity equivalent to represented counsel, particularly when evaluating procedural notice, litigation performance, or omissions in pro se filings.

with the motions to dismiss and may materially affect jurisdiction, the need for a domicile hearing, and treatment of disputed evidence. ECF No. 119 at 3–4.

## I. Standard and limited scope

Under Rule 72(a), the District Judge must modify or set aside a portion of a nondispositive order that is clearly erroneous or contrary to law. Plaintiff recognizes that the challenged statements were not necessary to the disposition and may be viewed as commentary rather than operative findings. She objects because the Order again expressly draws adverse factual inferences from those statements and because they could be invoked in connection with Defendants' previously denied request for filing restrictions. Plaintiff seeks correction or clarification, not reconsideration of the stay.

## II. OBJECTION: The asserted filing of "multiple amended complaints" is factually incorrect

The Order states that Plaintiff filed "multiple amended complaints" and uses that assertion, alongside "document after document, objection after objection," to conclude that she is "more than capable of representing herself." ECF No. 119 at 5. These statements are prejudicial and factually incorrect. Plaintiff has filed *one* Amended Complaint, ECF No. 59. ECF No. 60 was a Notice of Filing of Amended Complaint accompanied by a redline showing the changes, not another amended complaint. Plaintiff separately sought leave to file a supplemental pleading under Rule 15(d), ECF No. 79; a proposed supplemental pleading is not an additional operative amended complaint. The Court's characterization materially overstates the pleading history and should be stricken or corrected before it is relied upon to evaluate Plaintiff's conduct or capacity.

## III. OBJECTION: Legitimate Filing activity is not a proper basis for a finding of functional capacity or abusive litigation

The Order further states that Plaintiff's disability has not been demonstrated "via any documentation" and that her ability to prepare filings "confirms" she is capable of representing herself. ECF No. 119 at 5. Plaintiff recognizes that a party seeking disability-based relief may be required to provide appropriate support for that request. But the absence of documentation submitted for this stay motion is not affirmative evidence negating disability-related functional limitations. Nor does the production of legal filings establish the absence of limitations in judgment, organization, decision-making, or performance under stress. Here, especially, Plaintiff has certified that she has relied heavily on ChatGPT to prepare almost all of her filings in this case to date. Plaintiff has already raised the distinction between legal knowledge and functional capacity in her objections concerning ECF No. 97 (see ECF No. 105). No disability determination was required to grant this stay on its stated procedural ground.

The Order also states: "If Plaintiff were willing to pay for counsel, she could get a lawyer." ECF No. 119 at 5. No evidentiary basis is identified for this categorical conclusion, and it is contrary to the record and the information Plaintiff has provided to this Court in other filing. In fact, no attorneys have agreed to represent Plaintiff. One attorney required a huge retainer and evaluation fee to evaluate the case to determine whether he would be willing to represent Plaintiff, and it seems this has been misconstrued in the court's statement in this order. Whether counsel will undertake a particular representation is not determined by a litigant's willingness to pay alone. The Order's comments about Plaintiff's November 5 private conflict similarly were unnecessary after the Court vacated that hearing on independent grounds. Plaintiff does not ask the District Judge to find that the conflict was proven; she asks that these unnecessary comments

be stricken and clarified so that they are not subsequently treated as findings concerning her credibility, disability, or ability to secure representation.

## IV. OBJECTION: The characterizations risk prejudging a pending request for filing restrictions and issues central to this action

Defendants have requested restrictions on Plaintiff's ability to litigate pro se. Plaintiff has not yet submitted her responses to the motions to dismiss containing or associated with that request; ECF No. 119 stays the responses pending rulings on the specified objections. The description "document after document, objection after objection" thus risks supplying an adverse predicate before Plaintiff has been heard on that requested relief. The Magistrate Judge has repeatedly made similar comments in other orders, which Plaintiff believes prejudge issues pending for determination. Seeking review under Rule 72 is an expressly authorized procedure, and the Order itself advises parties of their right to object. ECF No. 119 at 5–6. The Tenth Circuit holds that "[l]itigiousness alone will not support an injunction restricting filing activities." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). It is not proper for the magistrate judge to express negative inferences and mischaracterize Plaintiff for exercising procedural and legal rights in this action, especially where the court has denied her requests for court-appointed counsel, and there is undisputed evidence of adjudicated disability in the record of the case. See Amended Complaint. Any prospective restriction must rest on an adequate record of abusive conduct, notice, and an opportunity to respond, and appropriately tailored conditions. Id. at 353–54. The magistrate judge has unnecessarily made statements and findings in every order entered since the defendants filed their motion to dismiss, and Plaintiff is increasingly concerned that the Defendants' untrue, misleading, and improper assertions have already biased the court against her. Especially since the court appears to no longer be

concerned with the undisputed facts of Defendants' misconduct and malpractice that are the merits of this case, and which caused the damages they now seek to use against the Plaintiff here.

There is an additional case-specific concern. Plaintiff alleges in this malpractice action that Defendants' conduct caused or materially contributed to the disciplinary consequences and Colorado Supreme Court pro se filing restrictions that form part of her claimed injuries. To the extent Defendants invoke those state-court restrictions as justification for imposing analogous restrictions in this federal action, the request risks using an alleged consequence of their malpractice as the predicate for new restrictions before causation and damages have been adjudicated. Plaintiff does not seek review or invalidation of the Colorado Supreme Court's order in this objection; she distinguishes its continuing legal effect from whether it independently proves abuse in this case or warrants an additional federal restriction. The existence of a state-court restriction does not itself establish Defendants' liability, but neither should it automatically establish Plaintiff's present vexatiousness.

The danger of prejudgment also extends to the underlying jurisdictional dispute. Plaintiff has not yet responded to Defendants' motions directed to the operative Amended Complaint, including the challenged domicile allegations and evidentiary submissions. The Court anticipates testimony from Plaintiff and Defendants' investigators on those disputed issues, while acknowledging that the pending DPPA objection could affect the need for that hearing. ECF No. 119 at 3. Before the opposing evidence and briefing are heard, the Court should not treat Defendants' account of Plaintiff's conduct or jurisdictional position as established, or equate Plaintiff's efforts to contest that account with abusive litigation. Plaintiff identifies an appearance of premature factual judgment.

## V. Requested relief

Plaintiff respectfully requests that the District Judge (1) **leave undisturbed the stay** and **vacatur** of the November 5 hearing; (2) **correct or set aside** the inaccurate assertion that Plaintiff filed "multiple amended complaints"; (3) **strike or decline to adopt** the unsupported inferences that Plaintiff's filing activity establishes unrestricted functional capacity or that willingness to pay necessarily would secure counsel; and (4) **strike or clarify** that the final substantive paragraph of ECF No. 119 does not determine or support a determination that Plaintiff engaged in abusive or vexatious litigation, does not establish a basis for filing restrictions, and does not resolve the merits, causation, damages, or jurisdictional issues still to be briefed and decided.

Dated: Tuesday, October 20, 2026

Respectfully submitted,

s/ Nina H Kazazian
*Nina Kazazian*
1621 Central Ave #8897;
Cheyenne, WY 82001
Telephone: (303) 888-1100
E-mail: nina@kazazian.com
*Pro Se*

**CERTIFICATE OF SERVICE**

Undersigned certifies that on Tuesday, October 20, 2026, the foregoing Notice was filed with the court via the ECF system, which automatically notifies all the parties.

/s/ Nina H. Kazazian

## CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE

The undersigned pro se Plaintiff certifies that generative artificial intelligence—specifically, ChatGPT—was used extensively to draft this filing. All cited authorities were manually reviewed by Plaintiff to the extent possible using publicly available resources on the internet. Plaintiff does not have access to Westlaw, Lexis, or any similar legal research database.

/s/ Nina H. Kazazian